**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

> **RECEIVED**
>
> JUN 14 2021
>
> U.S. DISTRICT COURT
> MIDDLE DISTRICT OF LOUISIANA
>
> DEPUTY CLERK

| | |
|---|---|
| FEDERAL ELECTION COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEFEND LOUISIANA PAC )<br><br>and )<br><br>TAYLOR TOWNSEND, in his official )<br>capacity as Treasurer of Defend Louisiana )<br>PAC, )<br><br>Defendants. ) | Civ. No. _____<br><br>COMPLAINT |

**PLAINTIFF FEDERAL ELECTION COMMISSION'S COMPLAINT FOR CIVIL**
**PENALTY, DECLARATORY, INJUNCTIVE, AND OTHER APPROPRIATE RELIEF**

Plaintiff Federal Election Commission ("Commission" or "FEC"), for its Complaint

against defendants Defend Louisiana PAC and Taylor Townsend, in his official capacity as

treasurer of Defend Louisiana PAC, alleges as follows:

**INTRODUCTION**

1.    During the 2016 election for United States Senate in Louisiana, Defend Louisiana

and its treasurer violated the Federal Election Campaign Act ("FECA" or the "Act") by failing to

disclose or providing inadequate disclosures for more than $90,000 in independent expenditures.

Defend Louisiana first registered with the FEC in April 2016 and filed the periodic reports of its

receipts and disbursements generally required of groups like it.  These reports must specifically

disclose expenditures advocating the election or defeat of candidates along with the payee, date,

description of purpose, federal candidate supported or opposed, and amount. 52 U.S.C. § 30104(a)(1), (b)(6)(B)(iii). These FECA disclosure requirements serve to provide voters with information about the sources of financial support for candidates and the use of funds by committees, as well as deter and expose violations of other campaign finance restrictions. Defend Louisiana made independent expenditures supporting Foster Lonnie Campbell and opposing John Neely Kennedy in the 2016 runoff election. One of Defend Louisiana's campaign finance reports for the 2016 election cycle failed to describe adequately the purpose of eight independent expenditures totaling $45,500 and another did not disclose three additional independent expenditures totaling $45,475.65. The FEC sought additional information from Defend Louisiana and sought to informally correct the violations, but received no response. The FEC therefore seeks to remedy these violations through a declaration that defendants violated 52 U.S.C. § 30104(a)(1) and (b)(6)(B)(iii), an order that defendants correct the inadequate purpose statements and missing expenditures through amended disclosure reports, an appropriate civil penalty, and a permanent injunction against future similar violations.

## JURISDICTION AND VENUE

2. This action seeks civil penalties, declaratory, injunctive, and other appropriate relief pursuant to the authority granted by Congress to the FEC in FECA, codified at 52 U.S.C. §§ 30101-30146.

3. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345 as an action brought by an agency of the United States expressly authorized to sue by an act of Congress, 52 U.S.C. §§ 30107(a)(6), 30109(a)(6)(A).

4. Venue is properly found in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b) and 52 U.S.C. § 30109(a)(6)(A) because it is where

Defend Louisiana is found and Defendants Defend Louisiana and Townsend transact business in this district. Furthermore, a substantial part of the acts or omissions giving rise to this action occurred in this district. 28 U.S.C. § 1391(b).

### THE PARTIES

5. The Commission is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation, and civil enforcement of FECA. *See* 52 U.S.C. §§ 30106(b)(1), 30107(a), 30109. The Commission is authorized to prescribe forms and promulgate implementing regulations, *id.* § 30107(a)(8), to institute investigations of possible violations of the Act, *id.* § 30109(a)(1)-(2), and to initiate civil actions in the United States district courts to obtain judicial enforcement of the Act, *id.* §§ 30107(e), 30109(a)(6).

6. Defend Louisiana is an independent expenditure-only political committee located in Baton Rouge, Louisiana, that registered with the FEC on April 29, 2016. Defend Louisiana also maintains a bank account at Whitney Bank in Baton Rouge, Louisiana. During the 2016 election cycle, Defend Louisiana made independent expenditures totaling over $600,000.

7. Townsend is a resident of Louisiana and is the registered treasurer of Defend Louisiana. Townsend first registered with the FEC as the treasurer and custodian of records for Defend Louisiana on July 7, 2016. In his capacity as treasurer, Townsend signed Defend Louisiana's November 28, 2016 pre-runoff report and its January 9, 2017 post-runoff report.

### RELEVANT STATUTORY AND REGULATORY PROVISIONS

8. FECA establishes a system to disclose the financing and spending of money in federal election campaigns. 52 U.S.C. §§ 30101-30146. It does so by regulating "contribution[s]" and "expenditure[s]." *Id.* § 30101(8)(A), (9)(A). Under the Act, a "contribution" includes any "gift, subscription, loan, advance, or deposit of money or anything of

3

value made by any person for the purpose of influencing any election for Federal office." *Id.*

§ 30101(8)(A). An "expenditure" includes "any purchase, payment, distribution, loan, advance,

deposit, or gift of money or anything of value, made by any person for the purpose of influencing

any election for Federal office." *Id.* § 30101(9)(A).

      9.     Under FECA, "any committee, club, association, or other group of persons which

receives contributions aggregating in excess of $1,000 during a calendar year or which makes

expenditures aggregating in excess of $1,000 during a calendar year," *id.* § 30101(4)(a) and has

"the major purpose of . . . the nomination or election of a candidate" is a political committee,

*Buckley v. Valeo*, 424 U.S. 1, 79 (1976) (per curiam).

      10.    Groups that fall within the definition of a "political committee" are required to

register with the Commission, appoint a treasurer, and meet other organizational requirements.

52 U.S.C. § 30103. The treasurer is required to sign and file regular reports disclosing the

committee's receipts and disbursements. 52 U.S.C. § 30104(a)(1).

      11.    Requiring political committees dedicated to making independent expenditures to

file reports disclosing receipts and disbursements: (1) serves the public "interest in knowing who

is speaking about a candidate and who is funding that speech," and; (2) "deters and helps expose

violations of other campaign finance restrictions, such as those barring contributions from

foreign corporations or individuals." *SpeechNow.org v. FEC*, 599 F.3d 686, 698 (D.C. Cir.

2010) (en banc).

      12.    Political committees that are not authorized by a federal candidate — so called

"unauthorized committees" — may choose to file their disclosure reports either: (1) monthly; or

(2) quarterly during election years with an additional "pre-election report" due 12 days before an election and a "post-election report" due 30 days after the election.  52 U.S.C. § 30104.[1]

13.     Unauthorized committees must include independent expenditures in these reports. 52 U.S.C. § 30104(b)(6)(B)(iii).  Independent expenditures are those that expressly advocate for "the election or defeat of a clearly identified federal candidate [] and that [are] not made in concert or cooperation with or at the request or suggestion" of the candidate or his or her committee or agents, "or a political party committee or its agents."  52 U.S.C. § 30101(17).

14.     Included in the information political committees must disclose on their regularly scheduled reports is the full name and address of each "person who receives any disbursement during the reporting period in an aggregate amount . . . of $200 within the calendar year . . . in connection with an independent expenditure by the reporting committee," as well as "the date, amount, and purpose of" the independent expenditure.  52 U.S.C. § 30104(b)(6)(B)(iii); *see also* 11 C.F.R. § 104.3(b)(3)(vii); 11 C.F.R. § 104.4(a).  This itemized list of a committee's independent expenditures is required to be on Schedule E of the form on which unauthorized committees report.  11 C.F.R. § 104.3(b)(3)(vii).

15.     "[P]urpose means a brief statement or description of why the disbursement was made."  11 C.F.R. § 104.3(b)(3)(i)(A).  These descriptions must "provide sufficient public disclosure of how a committee used its funds."  *Amendments to Federal Election Campaign Act of 1971; Regulations Transmitted to Congress*, 47 Fed. Reg. 15,080, 15,086 (Mar. 7, 1980); *see also Statement of Policy: "Purpose of Disbursement" Entries for Filings With the Commission*, 72 Fed. Reg. 887 (Jan. 9, 2007) (explaining that the "entry, when considered along with the

---

[1]     In general, unauthorized committees that file quarterly during election years file semi-annual reports during nonelection years.  52 U.S.C. § 30104(a)(4)(A)(iv).

identity of the disbursement recipient, must be sufficiently specific to make the purpose of the disbursement clear"). Examples of purpose statements that are sufficiently specific include: "dinner expenses, media, salary, polling, travel, party fees, phone banks, travel expenses, travel expense reimbursement, and catering costs." 11 C.F.R. § 104.3(b)(3)(i)(B). "[S]tatements or descriptions such as advance, election day expenses, other expenses, expenses, expense reimbursement, miscellaneous, outside services, get-out-the-vote and voter registration," on the other hand, do not provide sufficient public disclosure of how a committee used funds. *Id.*

16.    If a political committee makes independent expenditures for an election that aggregate to $10,000 or more in a calendar year, in addition to reporting those expenditures on the committee's regular periodic reports the committee must also report those expenses on a "48-hour report," *i.e.*, a separate report due within that time frame after the communication is publicly disseminated. 11 C.F.R. § 104.4(b)(2). This 48-hour reporting obligation arises for each additional aggregate $10,000 in independent expenditures the political committee makes in a single election. *Id.* The information required to be reported about disbursements for independent expenditures on 48-hour reports is the same information required on Schedule E of regular periodic reports. *Id.*

17.    The State of Louisiana uses what is sometimes referred to as a "jungle primary" system to elect United States Senators. La. Secretary of State, *Review Types of Elections*, https://www.sos.la.gov/ElectionsAndVoting/GetElectionInformation/ReviewTypesOfElections/Pages/default.aspx (last visited May 4, 2021). In this system, all candidates, regardless of party affiliation, stand for election on the date that is for the general election in most states, but is referred to as the open primary in Louisiana. *Id.* The candidate who receives more than 50% of the vote wins. *Id.* If no candidate receives 50% of the vote, the two candidates who receive the

most votes will proceed to a runoff election that is also referred to in Louisiana as an open

general election. *Id.*

18.     Political committees making expenditures related to Louisiana U.S. Senate

elections must adhere to reporting requirements and deadlines for both the Louisiana open

primary/general election and any subsequent runoff election. FEC Advisory Op. 2000-29,

https://www.fec.gov/files/legal/aos/2000-29/2000-29.pdf. When a runoff election is necessary,

political committees must file pre-runoff and post-runoff election reports disclosing campaign

financing and spending. *Id.*; *see also* FEC, *Primary and General Election Report Notice*,

https://www.fec.gov/help-candidates-and-committees/dates-and-deadlines/2020-reporting-

dates/prior-notices-2020/election-report-notice-louisiana/ (last visited May 4, 2021).

19.     FECA authorizes a United States district court to order a defendant who has

violated FECA to pay a civil penalty. 52 U.S.C. § 30109(a)(6)(B). For violations that are not

knowing and willful, "the civil penalty shall not exceed the greater of $20,528 or an amount

equal to any contribution or expenditure involved in the violation."[2] 11 C.F.R. § 111.24 (a)(1).

20.     In addition to imposing civil penalties, FECA authorizes United States district

courts to "grant a permanent or temporary injunction, restraining order, or other order" against

any defendant who has violated the Act. 52 U.S.C. § 30109(a)(6)(B).

---

[2]     FECA provides that courts may impose civil penalties that "do[] not exceed the greater of
$5,000 or an amount equal to any contribution or expenditure involved in such violation." 52
U.S.C. § 30109(a)(6)(B). The Federal Civil Penalties Inflation Adjustment Act of 1990 requires
agencies to adjust civil monetary penalties for inflation each year. 28 U.S.C. § 2461 note § 4.
For violations that are not knowing and willful, the adjusted civil penalty in 2021 is $20,528.
*See* 11 C.F.R. § 111.24 (a)(1); 86 FR 1737-02.

## FACTUAL BACKGROUND

**Inadequate Purpose for Independent Expenditures**

21.    In 2016, no candidate won 50% of the vote in the Louisiana U.S. Senate open primary/general election on November 8, 2016.

22.    U.S. Senate candidates Foster Lonnie Campbell and John Neely Kennedy competed in a runoff election held on December 10, 2016.

23.    Defend Louisiana made $551,525.44 in independent expenditures that supported Campbell or opposed Kennedy during the 2016 Louisiana runoff election.  Those independent expenditures triggered the requirement that Defend Louisiana file both a pre-runoff and post-runoff election report.  On November 28, 2016, Defend Louisiana filed its pre-runoff report.  On Schedule E of the pre-runoff report, Defend Louisiana disclosed sixteen independent expenditures totaling $209,049.79 that supported U.S. Senate Candidate Foster Lonnie Campbell, Jr. in the 2016 Louisiana U.S. Senate runoff election.

24.    Eight of those independent expenditures, totaling $45,000, had a stated purpose of "Community Outreach," as shown in Table One below.

*Table One: Independent Expenditures with Inadequate Purpose Statements*

| Payee | Date | Purpose Statement | Federal Candidate Supported | Amount |
|---|---|---|---|---|
| APAC | 10/27/2016 | Community Outreach | Foster Lonnie Campbell | $5,500 |
| LIFE | 10/27/2016 | Community Outreach | Foster Lonnie Campbell | $7,500 |
| NOEL | 10/27/2016 | Community Outreach | Foster Lonnie Campbell | $2,500 |
| United Ballot PAC | 10/27/2016 | Community Outreach | Foster Lonnie Campbell | $5,000 |
| BOLD | 10/31/2016 | Community Outreach | Foster Lonnie Campbell | $6,000 |
| Jefferson United | 10/31/2016 | Community Outreach | Foster Lonnie Campbell | $10,000 |
| Noel | 10/31/2016 | Community Outreach | Foster Lonnie Campbell | $5,000 |
| TIPS | 10/31/2016 | Community Outreach | Foster Lonnie Campbell | $4,000 |
| | | | Total | $45,500 |

8

25.    "Community Outreach" is a purpose statement like "get-out-the-vote" or "voter registration" that is insufficiently specific to provide public disclosure of how the committee was using its funds. *See* 11 C.F.R. § 104.3(b)(3)(i)(B).

26.    On January 31, 2017, Defend Louisiana filed an amended pre-runoff report, but there were no changes to the purpose statements in Schedule E.

27.    Townsend signed Defend Louisiana's original and amended pre-runoff reports in his capacity as treasurer.

**Undisclosed Independent Expenditures**

28.    On December 12, 2016, Defend Louisiana filed a 48-Hour report disclosing three independent expenditures disseminated on December 10, 2016, totaling $45,475.65.

29.    On January 9, 2017, Defend Louisiana filed a post-runoff report covering the period of November 21, 2016, through December 30, 2016.  The report included a Schedule E disclosing nine independent expenditures totaling $297,000.  However, the Schedule E did not disclose the three independent expenditures, as shown in Table Two below, that Defend Louisiana previously included in the December 12, 2016 48-Hour report.

*Table Two: 48-Hour Report Activity Not Disclosed on Schedule E*

| Payee | Date | Purpose Statement | Federal Candidate Supported/Opposed | Amount |
|---|---|---|---|---|
| EF Business Center | 12/10/2016 | Mailers | John Neely Kennedy | $28,875.65 |
| Last World Strategies | 12/10/2016 | Digital Ad Consulting | Foster Lonnie Campbell | $8,300 |
| Last World Strategies | 12/10/2016 | Digital Ad Consulting | John Neely Kennedy | $8,300 |
| | | | Total | $45,475.65 |

30.    On January 31, 2017, Defend Louisiana filed an amended Post-Runoff Report. The amended Post-Runoff Report did not contain any changes to Schedule E.

## ADMINISTRATIVE PROCEEDINGS

31.     On May 2, 2017, the Commission's Reports Analysis Division sent Defend Louisiana a Request for Additional Information notifying Defend Louisiana that "Community Outreach" is an inadequate purpose statement and seeking clarification of the purpose of the eight independent expenditures that were designated "Community Outreach" in its pre-runoff report.

32.     Defend Louisiana did not respond to the Request for Additional Information.

33.     On May 7, 2017, the FEC's Reports Analysis Division sent a second Request for Additional Information to Defend Louisiana requesting information pertaining to the three independent expenditures that were disclosed in the 48-Hour report but not reported on Schedule E of the post-runoff report.

34.     Defend Louisiana did not respond to the second Request for Additional Information.

35.     The Reports Analysis Division made multiple additional attempts to contact Defend Louisiana and Townsend via phone and email to resolve the defects with the pre-runoff report and post-runoff report, but defendants failed to correct the reports.

36.     On June 28, 2018, the Commission notified defendants that Defend Louisiana and Townsend, in his official capacity as treasurer, may have violated FECA and that the matter was referred to the FEC's Office of General Counsel for possible enforcement action under 52 U.S.C. § 30109.

37.     The letter explained to defendants that the violations included failing to provide adequate purposes for eight independent expenditures in Defend Louisiana's pre-runoff report

and for failing to disclose three independent expenditures in its post-runoff report. The letter also gave defendants the opportunity to respond, but neither provided a written response.

38.    On May 15, 2019, the Commission decided by a vote of 4-0 to find reason to believe that Defend Louisiana and Townsend violated 52 U.S.C. §§ 30104(a)(1) and 30104(b)(6)(B)(iii) by failing to provide adequate purposes for eight independent expenditures in Defend Louisiana's pre-runoff report and by failing to disclose three independent expenditures in its post-runoff report.

39.    The Commission notified defendants of its reason-to-believe findings in a letter dated May 23, 2019, which attached the factual and legal analysis supporting the Commission's determination. *See* 52 U.S.C. § 30109(a)(2).

40.    During the ensuing investigation, defendants did not respond to the Commission's reason-to-believe letter. *See* 52 U.S.C. § 30109(a)(2).

41.    On July 2, 2020, the Commission decided by a vote of 4-0 to find probable cause to believe that Defend Louisiana and Townsend violated 52 U.S.C. §§ 30104(a)(1) and 30104(b)(6)(B)(iii). *See* 52 U.S.C. § 30109(a)(3).

42.    The Commission notified defendants of its probable cause findings in a letter dated July 23, 2020, which also contained a proposed conciliation agreement.

43.    The Commission's mandated conciliation period began on July 23, 2020, when the Commission notified defendants of its probable cause finding and certified its probable cause vote. The Commission was required to conciliate for at least 30 days — until at least August 23, 2020.

44.    The Commission attempted to conciliate for a period of 90 days. Defendants did not respond to the Commission's attempts to negotiate a conciliation agreement.

11

45.    On March 8, 2021, the Commission decided by a vote of 6-0 to authorize a civil action against Defendants for failing to provide adequate purposes for eight independent expenditures in Defend Louisiana's pre-runoff report and for failing to disclose three independent expenditures in its post-runoff report.

46.    The Commission has satisfied all of the jurisdictional requirements in FECA that are prerequisites to filing this action.

### FIRST CAUSE OF ACTION

47.    Paragraphs 1-46 are incorporated herein by reference.

48.    Defendants Defend Louisiana PAC and Taylor Townsend, in his official capacity as treasurer, violated 52 U.S.C. § 30104(b)(6)(B)(iii) and 11 C.F.R. § 104.3(b)(3)(i)(B) by failing to provide adequate purpose statements for eight independent expenditures totaling $45,500 on Schedule E of Defend Louisiana's pre-runoff report.

### SECOND CAUSE OF ACTION

49.    Paragraphs 1-48 are incorporated herein by reference.

50.    Defendants Defend Louisiana PAC and Taylor Townsend, in his official capacity as treasurer, violated 52 U.S.C. § 30104(a)(1) by failing to disclose three independent expenditures totaling $45,475.65 on Schedule E of Defendant Defend Louisiana's post-runoff report.

### PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff Federal Election Commission prays that this Court:

A.    Declare that defendants Defend Louisiana PAC and Taylor Townsend, in his official capacity as treasurer, violated 52 U.S.C. § 30104(b)(6)(B)(iii) and 11 C.F.R.

12

§ 104.3(b)(3)(i)(B) by failing to provide an adequate purpose statement for eight independent expenditures totaling $45,500 on Schedule E of Defend Louisiana's 2016 pre-runoff report.

      B.    Declare that defendants Defend Louisiana PAC and Taylor Townsend, in his official capacity as treasurer, violated 52 U.S.C. § 30104(a)(1) by failing to disclose three independent expenditures totaling $45,475.65 on Schedule E of Defend Louisiana's post-runoff report.

      C.    Order defendants Defend Louisiana PAC and Taylor Townsend to correct Defend Louisiana PAC's November 28, 2016 pre-runoff report by providing adequate purpose statements for the eight independent expenditures designated as "community outreach" and to correct Defend Louisiana PAC's January 9, 2017 post-runoff report to include the three independent expenditures listed in Defend Louisiana PAC's December 12, 2016 48-hour report.

      D.    Permanently enjoin defendants Defend Louisiana PAC and Taylor Townsend from failing to disclose independent expenditures and from providing inadequate purpose statements for independent expenditures.

      E.    Assess a civil penalty in the total amount of $41,056.00 against Defendant Defend Louisiana PAC and Taylor Townsend, in his official capacity as treasurer, for violating FECA:

      i.    for each violation of 52 U.S.C. § 30104(b)(6)(B)(iii) that is not knowing and willful, the Court may assess a civil penalty that "shall not exceed the greater of $20,528 or an amount equal to any contribution or expenditure involved in the violation," 11 C.F.R. § 111.24 (a)(1); here the Commission requests $20,528 for the series of such violations; and

13

        ii.      for each violation of 52 U.S.C. § 30104(a)(1) that is not knowing and willful, the Court may assess a civil penalty that "shall not exceed the greater of $20,528 or an amount equal to any contribution or expenditure involved in the violation," 11 C.F.R. § 111.24 (a)(1); here the Commission requests $20,528 for the series of such violations.

     F.     Award Plaintiff Federal Election Commission its costs in this action; and

     G.     Grant Plaintiff Federal Election Commission any other relief as may be appropriate.

14

Respectfully submitted,

Lisa J. Stevenson
Washington, D.C. Bar 457628
Acting General Counsel
Federal Election Commission
1050 First Street NE
Washington, DC 20463
P: (202) 694-1650
F: (202) 219-1043
lstevenson@fec.gov


Kevin Deeley
Massachusetts Bar 644486
Associate General Counsel
Federal Election Commission
1050 First Street NE
Washington, DC 20463
P: (202) 694-1650
F: (202) 219-1043
kdeeley@fec.gov

June 10, 2021

Jacob S. Siler
Washington, D.C. Bar 1003383
Acting Assistant General Counsel
Federal Election Commission
1050 First Street NE
Washington, DC 20463
P: (202) 694-1650
F: (202) 219-1043
jsiler@fec.gov

M. Elise Holman
Arkansas Bar 2017215
Washington, D.C. Bar 1643692
Federal Election Commission
1050 First Street NE
Washington, DC 20463
P: (202) 694-1650
F: (202) 219-1043
eholman@fec.gov

Federal Election Commission
1050 First Street, N.E.
Washington, D.C. 20463

Official Business

# FIRST CLASS MAIL

Middle District of Louisiana
Ann Clerk of the Court
777 Florida Street Suite #139
Baton Rouge, LA 70801



# EXPRESS MAIL
**UNITED STATES POSTAL SERVICE**

## Mailing Envelope
### For Domestic and International Use

U.S. POSTAGE ▶ PITNEY BOWES
ZIP 20463   $ 046.00
02 4W
0000368031 JUN 10 2021

**EXTREMELY URGENT**   Please Rush To Addressee

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

Visit us at usps.com

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE 202-694-1369

Federal Election Commission
1050 First Street N.E.
Washington DC. 20463

EK 834135202 US

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY MAIL EXPRESS™**

TO: (PLEASE PRINT)   PHONE

Middle District of Louisiana
ATTN: Clerk of the Court
777 Florida Street Suite # 139
Baton Rouge LA
ZIP + 4 (U.S. ADDRESSES ONLY)
7 0 8 0 1

Place Mailing Label Here

 
Please Recycle

EP-13C